**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

BRENDA M.,[1]

      Plaintiff,

vs.

FRANK BISIGNANO, Commissioner of
Social Security,

      Defendant.

No. 25-CV-3013-CJW-MAR

**ORDER**

_____

## I.     *INTRODUCTION*

The matter before the Court is a Report & Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge, recommending the Court affirm the decision of the Administrative Law Judge ("ALJ") denying Brenda M.'s ("claimant") application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), Title 42, United States Code, Sections 401–34. (Doc. 21). Neither party has objected to the R&R. The deadline for such objections has expired. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). For the reasons stated below, the Court **accepts** Judge Roberts' R&R (Doc. 21) without modification.

## II.    *BACKGROUND, STANDARDS, AND THE ALJ'S FINDINGS*

The Court finds that Judge Roberts accurately set out the background, disability determinations and burden of proof, the ALJ's findings, and the substantial evidence

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

standard, (Doc. 21, at 1–7).  Thus, the Court adopts those portions of the R&R and incorporates them by reference without replicating them here.

The key background information as summarized by Judge Roberts is that claimant allegedly became disabled due to schizophrenia, depression, and recovering drug addiction, asserting an onset date of April 1, 2020.  (AR 511, 596).  The Commissioner denied claimant's disability claim.  (AR 215, 415-23, 424-32).  On February 6, 2024, an ALJ issued a ruling  unfavorable  to claimant.  (AR 215-25).  The ALJ found claimant suffered from the following severe impairments: major depressive disorder, generalized anxiety disorder, and methamphetamine dependence.  (AR 218).  The ALJ found "claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform simple, routine tasks; only occasionally interact with supervisors, co-workers and the public; and can perform no fast paced production requirements, defined as work requiring more than frequent handling, fingering or reaching."  (AR 220).  Although the ALJ found claimant unable to perform past work, "there were jobs that existed in significant numbers in the national economy that the claimant could have performed," including hand packager, cleaner, and dietary aide.  (AR 224).  Accordingly, the ALJ found claimant was not disabled.  (AR 225).

### III.    STANDARD OF REVIEW OF AN R&R

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept,  reject,  or  modify,  in  whole  or  in  part,  the  findings  or recommendations  made  by  the  magistrate  judge.   The  judge  may  also

2

receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

## IV. DISCUSSION

In her brief before Judge Roberts, claimant argued that the ALJ committed reversible error by (A) failing to account for claimant having moderate limitations in adapting and managing oneself in the RFC; and (B) failing to adequately evaluate and consider claimant's invasive lobular carcinoma in determining the RFC. (Doc. 18). As to the second ground, claimant argued that the ALJ "committed legal error by determining that [claimant's] invasive lobular carcinoma was a non-severe impairment without developing the record regarding the expected duration of the condition." (*Id.*, at

13).  Claimant maintained that the ALJ "failed to discharge [her] duty to develop the record by obtaining medical opinion evidence regarding the expected duration and functional impact of [claimant's] cancer diagnosis and treatment."  (*Id.*, at 14).  Claimant contends that "[b]y concluding that invasive lobular carcinoma would not cause significant functional limitations for twelve months without any medical evidence supporting this conclusion, the ALJ improperly substituted [her] lay opinion for medical expertise."  (*Id.*, at 15).  Judge Roberts found the ALJ did not err on either ground.  (Doc. 21, at 11, 14).  Judge Roberts recommended the Court affirm the ALJ's decision.  (*Id.*, at 15).

### A.    *RFC Assessment Relating to Adapting and Managing*

As to the first issue, Judge Roberts found the ALJ considered claimant's ability to adapt and manage herself under the "paragraph B" criteria, summarizing and quoting from the ALJ's findings.  (Doc. 21, at 8-9).  Judge Roberts found the ALJ thoroughly reviewed the Claimant's mental health history and use of medications to treat her mental health issues.  (*Id.*, at 10).  Judge Roberts also found the ALJ "properly considered and discussed claimant's subjective allegations of disability in making her overall disability determination, including determining claimant's RFC, finding that 'claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]'"  (*Id.*, at 11, citing AR 221).  Having reviewed the entire record, Judge Roberts found "the ALJ properly considered claimant's medical records, observations of treating physicians, and claimant's own description of [her] limitations in making the ALJ's RFC assessment for claimant."  (*Id.*).

The Court finds that Judge Roberts properly analyzed the record and the ALJ's evaluation and analysis of the record.  The question before the Court is not whether the ALJ got it right.  Rather, this Court reviews the ALJ's decision to ensure that there is

substantial evidence in the record as a whole to support the ALJ's findings, and that the ALJ properly applied the law. Here, the ALJ did just that. The Court finds no error in the ALJ's analysis or conclusion.

Thus, the Court adopts Judge Roberts' R&R on this issue.

### B.      RFC Assessment Relating to Invasive Lobular Carcinoma

On this ground, Judge Roberts found the ALJ did not err because the ALJ properly considered the record as to the period claimant was last insured. Judge Roberts noted:

> Claimant's date last insured is December 31, 2023. (AR at 217). At the hearing, the ALJ left the record open for 30 days to allow Claimant to provide the ALJ the opportunity to consider any records "to see what the doctors are saying and see if there is anything in there that would support this as a severe medically-determinable impairment or a listing-level condition before I issue any kind of decision." (*Id.* at 389-90). On November 22, 2023, claimant's representative provided the ALJ with a letter stating that "[t]he record was left open in order to provide further evidence. We will not be submitting anything further at this point." (*Id.* at 629).

(Doc. 21, at 13). Judge Roberts then quoted the ALJ's decision relating to claimant's cancer diagnosis, focused on the applicable time period. (*Id.*). Based on that, Judge Roberts found "no error in the ALJ's consideration of claimant's breast diagnosis in October 2023, two months before the date last insured and claimant's decision not to supplement the record after the hearing." (Doc. 21, at 13). Judge Roberts also noted that the additional records claimant provided to the Appeals Council and relied on before Judge Roberts post-date the applicable time period under consideration. (*Id.*). Judge Roberts rejected claimant's assertion that these records show treatment lasting over twelve months, "as she was diagnosed with cancer in October 2023." (*Id.*, at 14). Judge Roberts also quoted the latest records, from April 2024, which showed no symptoms or issues arising from the diagnosis. (*Id.*). Judge Roberts concluded that "the ALJ properly considered Claimant's medical records, observations of treating physicians, and

5

claimant's own description of his limitations in making the ALJ's RFC assessment for claimant." (*Id.*).

Again, the Court finds Judge Roberts' analysis sound and supported by the record as a whole. Claimant's medical condition may have changed due to her cancer diagnosis, but the focus of the evaluation is on the time period for which claimant is seeking disability payments. Developments after that time period do not support a different conclusion of whether claimant was disabled during the applicable time period.

Thus, the Court adopts Judge Roberts' R&R on this issue.

## V. CONCLUSION

For these reasons:

1. The Court **accepts** Judge Roberts' R&R (Doc. 21) without modification. See 28 U.S.C. § 636(b)(1).

2. Following Judge Roberts' recommendation, the ALJ's decision denying claimant's application for DIB is **affirmed**. Judgment will enter against claimant and in favor of the Commissioner.

**IT IS SO ORDERED** this 26th day of March, 2026.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

6